UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-62199-Bloom/Valle

BRANDNAMES WATCHES INT'L, LLC,
a Florida limited liability company,

    Plaintiff,

vs.

LOCMAN USA CORPORATION, a New York corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Fed Rs. Civ. P. 8(c), 9(b), and 12(f), and other applicable law, Plaintiff, BrandNames Watches Int'l, LLC ("BrandNames"), files this Motion to Strike and/or Dismiss Defendant, Locman USA Corporation's ("Locman") Affirmative Defenses to BrandNames Amended Complaint. In support of this Motion, BrandNames states as follows:

**Introduction**

1. BrandNames and Locman are both in the business of purchasing and selling watches.

2. Beginning in the middle of 2014 through mid-2015, BrandNames and Locman entered into a series of transactions whereby BrandNames purchased certain watches from Locman.

3. BrandNames tendered full purchase price for these watches.

4. After receiving the watches, however, BrandNames learned that a large portion of the watches were defective.

5. This lawsuit commenced as a result.

6. On May 13, 2016, Locman filed its Answer and Affirmative Defenses to the Amended Complaint [D.E. 42].

7. As set forth below, each Affirmative Defense must be stricken and/or dismissed.

## Argument and Citations of Authority

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). Affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Losada v. Norwegian (Bahamas) Ltd.*, No. 13-cv-22256-JLK, 2013 WL 6622911, at *2 (S.D. Fla. Dec. 16, 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards as complaints."). And, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *Twombly*, at 555-56, n.3. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.,* 846 F. d 1343, 1349 (11th Cir. 1988). Affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses. *Home Design Serv. Inc. v. Park Square Enter., Inc.,* 2005 WL 1027370, *7 (M.D. Fla. 2005); *see also Twombly*, at 555 (holding that formulaic recitations filled with labels and conclusions without factual allegations are insufficient). And,

pursuant to Rule 12(f), this Court has the authority to strike an insufficient defense. Fed. R. Civ. P. 12(f).

As discussed herein, Locman's Affirmative Defenses fail as a matter of law and must therefore be stricken and/or dismissed.

### First Affirmative Defense

Locman's First Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to state a cause of action. Locman has not raised any new allegations of excuse, justification or other negating matters. Additionally, Locman's First Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. As a result, Locman's First Affirmative Defense must be stricken.

### Second Affirmative Defense

Locman's Second Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. For starters, Locman alleges that BrandNames does not have standing; however, Locman does not assert any facts which support this conclusion. As a result, Locman's Second Affirmative Defense must be stricken.

### Third Affirmative Defense

Locman's Third Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to join an indispensable party. *See, e.g., Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F.Supp.2d 1322, 1331-32 (S.D. Fla. 2011) (holding that defendant's affirmative defense which merely stated that plaintiff failed to join an indispensable party was nothing more than a denial). Locman has not raised any new allegations of excuse, justification or other negating matters. Additionally, Locman's First

Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. As a result, Locman's First Affirmative Defense must be stricken.

### Fourth Affirmative Defense

Locman's Fourth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to give timely notice. BrandNames, for instance, alleges that it fully performed all conditions, covenants, and promises in accordance with the terms of the contract. FAC, at ¶ 44. Locman's Fourth Affirmative Defense is therefore nothing more than a denial of this allegation. Additionally, Locman's Fourth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. For instance, Locman does not allege when the notice was needed to be given, when it was actually given, or any other facts to support the conclusory allegation that notice was untimely. As a result, Locman's Fourth Affirmative Defense must be stricken.

### Fifth Affirmative Defense

Locman's Fifth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to give timely notice. BrandNames, for instance, alleges that it fully performed all conditions, covenants, and promises in accordance with the terms of the contract. FAC, at ¶ 44. Locman's Fifth Affirmative Defense is therefore nothing more than a denial of this allegation. Additionally, Locman's Fifth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. For instance, Locman does not allege when the notice was needed to be given, when it was actually given, or any other facts to support the conclusory allegation that notice was untimely. As a result, Locman's Fifth Affirmative Defense must be stricken.

### Sixth Affirmative Defense

Locman's Sixth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. Locman merely alleges that BrandNames failed to allege fraud with specificity; however, Locman does not assert any facts which support this conclusion. Additionally, the Sixth Affirmative Defense is nothing more than a denial of the allegations. As a result, Locman's Sixth Affirmative Defense must be stricken.

### Seventh Affirmative Defense

Locman's Seventh Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to comply with the contract by providing proper notice. BrandNames, for instance, alleges that it fully performed all conditions, covenants, and promises in accordance with the terms of the contract. FAC, at ¶ 44. Locman's Seventh Affirmative Defense is therefore nothing more than a denial of this allegation. Additionally, Locman's Seventh Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. For instance, Locman does not allege when the notice was needed to be given, when it was actual given, or any other facts to support the conclusory allegation that notice was untimely. As a result, Locman's Seventh Affirmative Defense must be stricken.

### Eighth Affirmative Defense

Locman's Eighth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to comply with the contract by providing proper notice. BrandNames, for instance, alleges that it fully performed all conditions, covenants, and promises in accordance with the terms of the contract. FAC, at ¶ 44. Locman's Eighth Affirmative Defense is therefore nothing more than a denial of this allegation.

Additionally, Locman's Eighth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. For instance, Locman does not allege when the notice was needed to be given, when it was actual given, or any other facts to support the conclusory allegation that notice was untimely. As a result, Locman's Eighth Affirmative Defense must be stricken.

### Ninth Affirmative Defense

Locman's Ninth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that BrandNames has failed to provide timely notice. BrandNames, for instance, alleges that it fully performed all conditions, covenants, and promises in accordance with the terms of the contract. FAC, at ¶ 44. Locman's Ninth Affirmative Defense is therefore nothing more than a denial of this allegation. Additionally, Locman's Ninth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. For instance, Locman does not allege when the notice was needed to be given, when it was actual given, or any other facts to support the conclusory allegation that notice was untimely. As a result, Locman's Ninth Affirmative Defense must be stricken.

### Tenth Affirmative Defenses

Locman's Tenth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. In order to properly assert an affirmative defense of laches, the moving party must allege: (1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986). Locman, however, merely alleges that BrandNames is barred from recovery by the doctrine of laches. Additionally, Locman does not allege any facts which support its contention.

As a result, Locman's Tenth Affirmative Defense must be stricken.

### Eleventh Affirmative Defense

Locman's Eleventh Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that it did not breach the contract. Locman has not raised any new allegations of excuse, justification or other negating matters. As a result, Locman's Eleventh Affirmative Defense must be stricken.

### Twelfth Affirmative Defense

Locman's Twelfth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. Locman alleges that BrandNames failed to mitigate its damages; however, Locman does not assert any facts which support this conclusion. As a result, Locman's Twelfth Affirmative Defense must be stricken.

### Thirteenth Affirmative Defense

Locman's Thirteenth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that it did not breach the contract or warranties. Locman has not raised any new allegations of excuse, justification or other negating matters. Additionally, Locman's First Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. As a result, Locman's Thirteenth Affirmative Defense must be stricken.

### Fourteenth Affirmative Defense

A party asserting a fraud affirmative defense is required to satisfy the particularity requirements of Rule 9(b).[1] *See, e.g., Guarantee Ins. Co. v. Brand Management Service, Inc.*,

---

[1] Courts have held that Rule 9(b)'s heightened pleading standard may be satisfied where the party sets forth: (1) the precise statements that were made in what particular documents and/or oral representations; (2) the time and place of each statement and the person responsible for making the statement; (3) the content of the statement; and (4) what was obtained as a result of the fraud.

7

No. 12—61670-CIV, 2013 WL 4496510, at *6 (S.D. Fla. Aug. 22, 2013) (discussing the pleading requirements when raising a fraud defense).  Here, Locman's Fourteenth Affirmative Defenses fails to give fair notice to BrandNames as to Locman's purported fraud defense.  As a result, Locman's Fourteenth Affirmative Defenses must be stricken.

### Fifteenth Affirmative Defense

A party asserting the equitable doctrine of estoppel must prove that: "(1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation." *Martin v. Bervard Cnty. Pub. Schs.,* 543 F.3d 1261, 1266 n. 2 (11th Cir. 2008).  *Coquina Investments v. Rothstein*, No. 10-60786-CIV, 2011 WL 4971923, at *14 (S.D. Fla. Oct. 19, 2011) *aff'd sub nom. Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300 (11th Cir. 2014).  Locman, in asserting its estoppel defense, fails to allege: (1) that BrandNames was aware that the watches were defective; (2) that BrandNames intended that certain misrepresentations would be acted on or that Locman would rely on it; and (3) that Locman did not know the true facts.  As a result, Locman's Fifteenth Affirmative Defense must be stricken.

### Sixteenth Affirmative Defense

Locman's Sixteenth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely denying that BrandNames has suffered damages.  Locman has not raised any new allegations of excuse, justification or other negating matters.  Additionally, Locman's Sixteenth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on

---

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

notice of what Locman intends to present. As a result, Locman's Sixteenth Affirmative Defense must be stricken.

### Seventeenth Affirmative Defense

Locman's Seventeenth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely denying that the watches are defective. Locman has not raised any new allegations of excuse, justification or other negating matters. Additionally, Locman's Seventeenth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. The unclean hands defenses requires: (1) a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted; and (2) defendant suffered personal injury as a result. *Aidone v. Nationwide Auto Guard, LLC*, 295 F.R.D. 658, 661 (S.D. Fla. 2013). Locman has failed to allege that it suffered personal injury as the result of the alleged unclean hands. As a result, Locman's Seventeenth Affirmative Defense must be stricken.

### Eighteenth Affirmative Defense

Locman's Eighteenth Affirmative Defense is nothing more than a denial of the allegations as Locman is merely stating that it did not breach the contract and/or that BrandNames has not suffered damages. Locman has not raised any new allegations of excuse, justification or other negating matters. Additionally, Locman's Eighteenth Affirmative Defense fails to plead sufficient facts to put BrandNames sufficiently on notice of what Locman intends to present. As a result, Locman's Eighteenth Affirmative Defense must be stricken.

**Blanket Affirmative Defenses**

In each Affirmative Defense, Locman fails to identify the particular count(s) they are being asserted against. As a result, and as an additional basis to the reasons set forth above, each Affirmative Defense must be stricken. *See Cano v. South Florida Donuts, Inc.*, No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010) (striking affirmative defenses that failed to identify which count of the complaint they were being asserted against).

**Certificate of Good Faith Conference**

On May 22, 2016, the undersigned sent Defendant's counsel, Boris Kogan, a draft version of this Motion in an effort to see if the Parties could resolve part or all of the aforementioned issues. On May 31, 2016, the undersigned followed up with Defendant's counsel regarding the draft Motion previously sent. At which point, Mr. Kogan responded by informing the undersigned that he would be unable to review the draft Motion until after the deadline for filing (today). The undersigned responded by informing Mr. Kogan that the rules require BrandNames to file this motion on or before June 2, 2016, and asked that Mr. Kogan respond back prior to 11:00 a.m. on June 2, 2016 regarding narrowing the issues contained herein. The undersigned has not heard back from Mr. Kogan. As a result, the Parties were unable to reach an agreement on any of the issues contained herein.

WHEREFORE, BrandNames respectfully requests that this Court strike and/or dismiss Locman's Affirmative Defenses, and for such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          **PADULA HODKIN, PLLC**
          Attorneys for Plaintiff
          101 Plaza Real South, Suite 207
          Boca Raton, Florida  33432
          Telephone No. 561.544.8900
          Facsimile No. 561.544.8999

          By:   /s/ Stephen J. Padula
               STEPHEN J. PADULA
               Florida Bar No. 182362
               Email:  padula@padulahodkin.com
               JOSHUA S. WIDLANSKY
               Florida Bar No. 45197
               Email:  widlansky@padulahodkin.com

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that on this 2nd day of June, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

          By:   /s/ Stephen J. Padula
               STEPHEN J. PADULA

## SERVICE LIST

*BrandNames Watches Int'l, LLC v. Locman USA Corporation*
United States District Court, Southern District of Florida
Case No. 15-cv-62199-Bloom/Valle

**Jacqueline Marie Valdespino, Esquire**
VALDESPINO & ASSOCIATES, P.A.
2641 Abaco Avenue
Miami, Florida  33133
Telephone No. 305.442.1200
Facsimile No. 305.442.0080
Email:  legalservice@valdespinopa.com
Attorney for Defendant
Served via CM/ECF

**Boris Kogan, Esquire**
BORIS KOGAN & ASSOCIATES, PC
277 Broadway, Suite 701
New York, New York  10007
Telephone No. 212.625.8910
Facsimile No. 212.219.2728
Email:  bkoganesq@aol.com
Counsel for Defendant
Served via CM/ECF