UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-62199-Bloom/Valle

BRANDNAMES WATCHES INT'L, LLC,
a Florida limited liability company,

    Plaintiff,

vs.

LOCMAN USA CORPORATION, a New York corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL BETTER DISCOVERY RESPONSES

Pursuant to Fed R. Civ. P. 37, S.D. Fla. L.R. 26.1, this Court's February 3, 2016 Order Setting Trial and Pre-Trial Schedule, and other applicable law, Plaintiff BrandNames Watches Int'l, LLC ("BrandNames") files this Motion to Compel Better Discovery Responses against Defendant Locman USA Corporation ("Locman"). This Motion must be granted because Locman: (a) has made general boilerplate objections; (b) was nonresponsive in its answers to certain discovery requests; and/or (c) has otherwise failed to fully respond to certain discovery requests. In further support of this Motion, BrandNames states as follows:

### Background

1. On April 1, 2016, BrandNames propounded its First Set of Interrogatories, Request for Production and Request for Admissions on Locman (together referred to as the "Discovery Requests"). A copy of the Discovery Requests are attached hereto as *Composite Exhibit "A."*

2. Locman's responses to the Discovery Requests were due on or before May 2, 2016.

3. Locman, however, did not timely respond to the Discovery Requests. Prompting BrandNames to file a Motion to Compel [D.E. 41].

4. On May 16, 2016, this Court entered an Order requiring Locman to respond to the Motion to Compel by May 20, 2016 [D.E. 43].

5. In response, Locman's counsel filed two "Declarations" in opposition to the Motion to Compel Discovery [D.E. 44] and [D.E. 46].

6. In the first Declaration, Locman requested additional time to respond to the Discovery Requests [D.E. 44].

7. On May 23, 2016, this Court entered an Order stating that the first Declaration "does not sufficiently respond to [BrandNames'] motion." [D.E. 45].

8. On May 25, 2016, Locman filed its second Declaration [D.E. 46] and its responses to the Discovery Requests. A copy of Locman's Responses to the Discovery Requests are attached hereto as *Composite Exhibit "B."*

9. On May 27, 2016, this Court entered an Order denying without prejudice BrandNames' Motion to Compel based on Locman's counsel representation that Locman has fully complied with BrandNames' Discovery Requests [D.E. 47].

10. Notably, however, this Court expressly provided that BrandNames may renew its motion to compel if necessary. *Id.*

11. After reviewing Locman's Discovery Responses it is abundantly clear that this Motion is warranted.

**Certificate of Good Faith Conference Pursuant to L.R. 7.1 and Fed R. Civ. P. 37(a)(1)**

12. On May 31, 2016, the undersigned e-mailed Locman's counsel in a good faith attempt to resolve certain objections and/or insufficient responses to the Discovery Requests.

13. In doing so, the undersigned set forth the specific problems associated with each specific Discovery Response.

14. On the same day (May 31, 2016), Locman's counsel responded to the e-mail by stating that he would not be in the office until the following Monday.

15. On June 7, 2016, the undersigned followed up via e-mail with Locman's counsel. Locman's counsel did not respond.

16. On June 10, 2016, the undersigned followed up again via e-mail with Locman's counsel. Locman's counsel again did not respond.

17. A copy of the e-mail correspondence reflecting the same is attached hereto as *Exhibit "C."*

18. As a result of Locman's unwillingness to respond to the undersigned's good faith attempts to resolve this dispute, this Motion is now warranted.

## Argument and Citations of Authority

**A.  General Objections**

The Southern District has succinctly and repeatedly held that it does not recognize generalized boilerplate objections. *See, e.g., Cafaro v. Zois*, No. 15-CV-80150, 2016 WL 903307, at *1 (S.D. Fla. March 9, 2016) (Valle, Mag. J); *Adelman v. Boy Scouts of America*, 276 F.R. D. 681, 688 (S.D. Fla. 2011) ("Judges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless.'"); *Benfatto v. Wachovia Bank, N.A.*, No. 08-CIV-60646, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008) ("[G]eneralized objections, which purport to object to each and every category of documents, are not recognized by this Court."). In fact, courts have stated that such boilerplate objections may also border on being frivolous. *Cafaro*; *Steed v. Everhome Mortgage Co.*, 308 Fed. App'x 364, 371 (11th Cir. 2009).

3

Here, Locman's responses to the Request for Admissions and Request for Production start out with "General Objections." *See Composite Exhibit "B."* These "General Objections" assert that the requests are, *inter alia*, irrelevant, privileged, overbroad, unduly burdensome, immaterial, are made for harassment purposes, vague, and ambiguous. *Id*. As the case law mentioned above has made clear, such "General Objections" are inappropriate, and must be stricken and/or overruled.

B.  **Specific Objections**

**Request for Admission No. 8**: Admit that you never refunded the money in accordance with Composite Exhibit "7."

**Answer**: Defendant objects to this Request as it is vague and ambiguous, and constitutes an improper Request for Admission pursuant to Fed. R. Civ. P. 36. Subject to the objection, Defendant admits the request only to the extent Defendant did not refund any portion of the purchase price of the goods shipped as depicted in Exhibit "1" through and including Exhibit "5."

**Problem**: The general objections are insufficient as a matter of law. *See, e.g., Cafaro*. The undersigned attempted to find out what is vague and/or ambiguous with this request – *see Exhibit "C"* – but Locman's counsel has not responded.

**Specific Item to be Compelled**: Locman's objections must be overruled.

\*   \*   \*

**Interrogatory No. 2**: Identify every individual known to you who has any knowledge regarding the facts and circumstances surrounding the incidents which are the subject matter of this lawsuit, and in doing so, identify any and all documents which evidence or reflect any such knowledge.

**Answer**: Ben Faigenbaum, Tatiana Hutton, Eliyau Benshmuel, Haim Manor, Kendra Benshmuel, Svitlana Lakhtinov, and Moses Ezekiel. The documents are email correspondence between the first tow and the latter five individuals.

**Problem**: Locman failed to identify the specific documents.

**Specific Item to be Compelled**: Locman must identify the specific documents.

\*   \*   \*

**Interrogatory No. 4**: Identify the basis for each denial to Plaintiff's First Request for Admissions.

**Answer**: The basis for each denial is that the request improperly seeks admission of an assertion which is not true.

**Problem**: Locman's answer is nonresponsive and, quite frankly, insulting. By answering the interrogatory this way, Locman is essentially saying "the request for admissions were denied because we did not agree with them." BrandNames is already well aware that Locman is denying certain Requests for Admissions, but is asking here for the basis of such denial.

**Specific Item to be Compelled**: Locman must answer Interrogatory No. 4.

*   *   *

**Interrogatory No. 10**: Identify the facts identifying the following as it relates to Exhibit "2:" (a) Identify your relationship with Scuola Italiana di Orologeria; (b) Idnetify what Scuola Italiana di Orologeria in the business of doing; (c) Identify the author of "Exhibit 2" who is identified as the "Technical Manager;" (d) Identify the reasons Exhibit "2" was created; (e) Identify who Exhibit "2" was addressed to; and (f) Identify who from your company directed Scuola Italiana di Orologeria to write Exhibit "2" and explain that persons relationship to you.

**Answer**: The following responses refer only to the first page of Exhibit "2." (a) It provided an official analysis of the blooming process which explains the alleged defect in bands made of molded rubber. (b) It is an Italia Watchmaking School. (c) To be provided. (d) To provide an official analysis of the blooming process which explains the alleged defect in bands made of molded rubber. (e) To whom it may concern. (f) I asked the manufacturer of the watches for an official analysis of the blooming process which explains the alleged defect in bands made of molded rubber.

**Problem**: As to 10(a), Locman's answer is nonresponsive as Locman does not identify the relationship, if any, it has with Scuola Italiana di Orologeria. As to 10(c), now is the time to provide the information requested, and as of today's date, Locman has failed to do so. BrandNames is merely asking who the author of the document was because it is not identified on the document itself. As to 10(e), Locman's answer is nonresponsive. BrandNames understands that the letter was sent to "To Whom It May Concern," but it is unclear who the letter was addressed to in the first place.

**Specific Item to be Compelled**: Locman must answer subparts (a), (c), and (e) of Interrogatory No. 10.

*   *   *

**Interrogatory No. 13**: Identify all other transactions between you, BrandNames Watch, Inc., BrandNames Watches Int'l, LLC, and Eliahu Benshmuel not depicted in Composite "1" or Composite "3."

**Answer**: No documents are attached at Composite Exhibit "3."

**Problem**: Composite Exhibit "3" is defined in "Definition and Instruction" section of the Interrogatories as Invoice Numbers w1467 and w1492. Even if the documents were not attached to the Interrogatories, Locman is already in possession of the same. Notwithstanding the same, in the good faith attempt to resolve this, the undersigned attached the Invoices again; however, as indicated above, Locman's counsel did not respond to the good faith attempts.

**Specific Item to be Compelled**: Locman must answer Interrogatory No. 13.

*   *   *

**Interrogatory No. 15**: Identify all business activities performed in the State of Florida, including but not limited to, all sales made within the State of Florida, as well as all of your business visits within the State of Florida.

**Answer**: Defendant objects to this Interrogatory, which is overly broad.

**Problem**: This general objection is insufficient as a matter of law. *See, e.g., Cafaro*.

**Specific Item to be Compelled**: Locman's objections must be overruled, and Locman must answer Interrogatory No. 15.

### Attorneys' Fees Pursuant to Fed. R. Civ. P. 37(a)(5) are Warranted

Fed. R. Civ. P. 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. Fed. R. Civ. P. 37(a)(5). The payment of such expenses is required unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id*. This Court, in making such a decision, has wide latitude in imposing sanctions for failure to comply with discovery. *See, e.g., Alhassid v. Bank of America*, N.A., No. 14-20484, 2015 WL 1120273, at *3 (S.D. Fla. March 12, 2015) (Valle, Mag. J). Moreover, this Court "is free to use its own

knowledge and experience to determine a reasonable fee that would cover [the moving party's] expenses in connection with the Motion." *Id*.

Based on the arguments above, and authorities cited herein, attorney's fees are warranted pursuant to Fed. R. Civ. P. 37(a)(5) and as a result of Locman's: (a) general boilerplate objections; (b) nonresponsive answers to discovery requests; and/or (c) lack of complete answers.  All of which required BrandNames to incur unnecessary expense in having to file this Motion.

WHEREFORE, BrandNames respectfully requests that this Court grant its Motion to Compel Better Discovery Responses, overrule the aforementioned objections, compel Locman to provide responses to the aforementioned discovery requests, award BrandNames' its expenses, including its attorney's fees, in connection with having to file this Motion, and for all other and further relief as this Court deems just and proper.

    Respectfully submitted,

**PADULA HODKIN, PLLC**
Attorneys for Plaintiff
101 Plaza Real South, Suite 207
Boca Raton, Florida  33432
Telephone No. 561.544.8900
Facsimile No. 561.544.8999

DATED:  June 14, 2016

By:     /s/ Stephen J. Padula
    STEPHEN J. PADULA
    Florida Bar No. 182362
    Email:  padula@padulahodkin.com
    JOSHUA S. WIDLANSKY
    Florida Bar No. 45197
    Email:  widlansky@padulahodkin.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of June, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:   /s/ Stephen J. Padula
       STEPHEN J. PADULA

## SERVICE LIST

*BrandNames Watches Int'l, LLC v. Locman USA Corporation*
United States District Court, Southern District of Florida
Case No. 15-cv-62199-Bloom/Valle

**Jacqueline Marie Valdespino, Esquire**
VALDESPINO & ASSOCIATES, P.A.
2641 Abaco Avenue
Miami, Florida 33133
Telephone No. 305.442.1200
Facsimile No. 305.442.0080
Email: legalservice@valdespinopa.com
Attorney for Defendant
Served via CM/ECF

**Boris Kogan, Esquire**
BORIS KOGAN & ASSOCIATES, PC
277 Broadway, Suite 701
New York, New York 10007
Telephone No. 212.625.8910
Facsimile No. 212.219.2728
Email: bkoganesq@aol.com
Counsel for Defendant
Served via CM/ECF